IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| D. S-S., individually and on behalf of her minor child, J.S., et al.<br><br>        Plaintiffs,<br><br>  vs.<br><br>STATE OF HAWAII, DEPARTMENT OF EDUCATION, et al.,<br><br>        Defendants. | Civ. No. 11-00239 BMK<br><br>ORDER AFFIRMING THE HEARINGS OFFICER'S FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION |

ORDER AFFIRMING THE HEARINGS OFFICER'S FINDINGS OF FACT,
CONCLUSIONS OF LAW AND DECISION

BACKGROUND

J.S. is a fifteen year old student eligible for services under the Individuals with Disabilities Education Act ("IDEA"). (R. at 73 ¶¶ 1, 2.) In the 2009-10 school year, J.S. attended Assets School, which is a private school. (Id. at ¶ 3.) Prior to the Individualized Education Program ("IEP") meeting, J.S. took numerous tests (Id. at 73-74, ¶ 6.) One test, the "WIAT-II", was untimed and consisted of seven subtests. (Id. at 74 ¶¶ 11, 12.)

On December 15, 2009, J.S.'s mother, the principal of Niu Valley Intermediate School, the care coordinator, a regular eduction teacher, and the

behavioral health specialist attended the IEP meeting. (Id. at ¶ 16.) J.S.'s teacher at Assets School "was not invited to attend the . . . IEP meeting because of [its] policy of not attending IEP meetings." (Id. at 75 ¶ 17.) J.S.'s IEP was developed in light of the various tests he took, the care coordinator's observations of him in his classroom at Assets School, and other information obtained by the DOE. (Id. at ¶ 18.)

On August 16, 2010, D.S-S., individually and on behalf of J.S. (collectively, "Plaintiffs"), filed this action asserting that: 1) the DOE improperly held the IEP meeting without participation from an Assets School teacher "such that the resulting IEP does not reflect [J.S.'s] present abilities and needs;" and 2) the Present Levels of Educational Performance ("PLEPs") reflected untimed testing and assistance and therefore did not represent J.S.'s true educational needs. (Id. at 76.) The Hearings Officer issued a decision on March 10, 2011, concluding in relevant part that the DOE did not deny J.S. a Free and Appropriate Education ("FAPE") by conducting the IEP meeting without a teacher from Assets School.[1] The Hearings Officer also concluded that Plaintiffs had not proved that the performance tests incorporated into J.S.'s PLEPS were supposed to be timed. (Id.

---

[1] The Hearings Officer also concluded that the IEP review date was not disruptive of J.S.'s schedule, but that issue was not raised in Plaintiffs' appeal.

at 79.)

On April 8, 2011, Plaintiffs filed a complaint in this Court seeking review of the Hearings Officer's decision on the two issues discussed above. (Doc. # 1; Opening Br. at 1-3.) As discussed below, the Court affirms the Hearings Officer's decision.

## STANDARD OF REVIEW

When reviewing an administrative decision in an IDEA case, "courts must give 'due weight' to judgments of education policy" and are not empowered to "substitute their own notions of sound educational policy for those of the school authorities which they review." Ojai Unified School Dist. v. Jackson, 4 F.3d 1467, 1471 (9th Cir. 1993) (quoting Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1311 (9th Cir. 1987) (internal quotation marks omitted)). Courts have discretion over how much to defer to state educational agencies, and deference to a hearing officer's findings is warranted where the findings are "thorough and careful." See J.L. v. Mercer Island Sch. Dist., 592 F.3d 938, 949 (9th Cir. 2010) (quoting JG v. Douglas County School Dist., 552 F.3d 786, 793 (9th Cir. 2008)). In this case, the Court defers to the Hearings Officer's decision because it appears thorough and careful.

## DISCUSSION

The Court affirms the Hearings Officer's conclusion that the DOE did not deny J.S. a FAPE by conducting the IEP meeting without an Assets School teacher. The IDEA requires the IEP team to include at least one "regular education teacher of the student" and one special education teacher or provider of the student. 20 U.S.C. § 1414(d)(1)(B)(ii)&(iii); H.A.R. § 8-60-45(a)(2)&(3). Plaintiffs assert that the DOE failed to invite a teacher from Assets School, and that no one attending the IEP meeting had "first hand experience" with J.S. (Mem. In. Supp. of Mot. at 2.) Although Plaintiffs correctly assert that no one from Assets School was invited to the IEP meeting, the Hearings Officer found that J.S.'s "teacher at [Assets School] was not invited to attend the December 15, 2009 IEP meeting because of [Assets School]'s policy of not attending IEP meetings." (R. at 75 ¶ 17.) This finding is supported by evidence in the record, including the care coordinator's testimony that she had previously invited Assets School teachers to IEP meetings several times, but "their policy is that they do not attend IEP meetings . . . ." (Tr. at 64.) The DOE also produced a letter from Assets School stating that it does not "[a]ttend or conduct IEP meetings . . . ." (Resp. Ex. 19 at 73.) Plaintiffs have not produced any case law indicating that the IDEA requires a teacher's presence when the private school has a policy expressly forbidding participation in the IEP process.

Furthermore, the DOE's failure to invite a teacher from Assets School did not deny J.S. a FAPE because the DOE conducted numerous tests and observed J.S. at Assets School. The Hearings Officer found that the DOE requested records from Assets School, but it only received a behavioral assessment. (R. at 74, ¶ 8.) No other information was provided by Assets School. Based on the foregoing findings, the Hearings Officer concluded that "notwithstanding little cooperation from [Assets School], it appears that [the DOE], through its own efforts, was able to obtain the most up-to-date information of [J.S.]'s present needs and abilities in order to prepare an appropriate IEP." (Id. at 79.) Plaintiffs have not produced any evidence or argument indicating that the Hearings Officer erred in reaching this conclusion; therefore, the Hearings Officer's decision on this issue is affirmed.

The Court also affirms the Hearings Officer's conclusion that the use of untimed tests did not deny J.S. a FAPE. The Hearings Officer found that the WIAT test provided to J.S. was untimed. (R. at 74 ¶ 12.) However, the Hearings Officer found the care coordinator "credible and knowledgeable" about administering the WIAT test, and the care coordinator testified that there are no time limits for the particular tests taken by J.S. (Id. at 78.) Therefore, the Court affirms the Hearings Officer's decision that the DOE properly administered J.S.'s tests.

## CONCLUSION

For the foregoing reasons, the Court affirms the Hearings Officer's decision. The Clerk of Court is directed to enter judgment in the DOE's favor.

DATED: Honolulu, Hawaii, April 30, 2012.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

D. S-S. v. State of Hawaii Dept. of Educ., Civ. No. 11-00239 BMK, ORDER AFFIRMING THE HEARINGS OFFICER'S FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION